FILED

NOT FOR PUBLICATION

DEC 27 2016

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>LEONARD BERNOT,<br><br>Defendant-Appellant. | Nos.  14-10569<br>15-10184<br><br>D.C. No.<br>2:08-cr-00093-KJM-4<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted December 13, 2016[**]
San Francisco, California

Before:  GRABER and HURWITZ, Circuit Judges, and FOOTE,[***] District Judge.

Leonard Bernot appeals his sentence for conspiracy to commit mail fraud in

violation of 18 U.S.C. § 1349.  He challenges the application of a vulnerable victim

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes that this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Elizabeth E. Foote, United States District Judge for the Western District of Louisiana, sitting by designation.

enhancement and the imposition of restitution. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1. A two-level sentencing enhancement may be imposed if the defendant "knew or should have known that a victim of the offense was a vulnerable victim." U.S.S.G. § 3A1.1(b)(1). The district court properly found that Bernot's "reasonably foreseeable" victims included the Garfinkles, *see United States v. Treadwell*, 593 F.3d 990, 1002 (9th Cir. 2010), and that these homeowners were particularly vulnerable compared to other victims of mail fraud, *see United States v. Mendoza*, 262 F.3d 957, 960-61 (9th Cir. 2001).

2. The district court correctly calculated the Guideline range of 37 to 46 months and articulated the 18 U.S.C. § 3553(a) factors that it considered, including avoiding unwarranted sentencing disparities, which support the 18-month sentence imposed.

3. The district court properly used the value of the victims' lost equity in their home, $316,744.79, as the amount of restitution. *See* 18 U.S.C. § 3663A(b)(1)(B)(i). Bernot is not entitled to a credit against the restitution for the down payment he made on the house. *See id.*

4. The district court did not clearly err in ordering immediate repayment, which is the default for restitution under 18 U.S.C. § 3572(d)(1). Bernot did not

object to immediate repayment at sentencing, nor does he argue on appeal that he is unable to make immediate repayment.

**AFFIRMED.**